DANAHY, Acting Chief Judge.
We reverse an order granting the plaintiff a new trial in this personal injury action.
The plaintiff and his then wife, Georgann Schmick, were customers in a store operated by the defendants (U-Save). The plaintiff required crutches in order to walk. While the plaintiff and Ms. Schmick were walking in the first aisle of the store, the plaintiff's crutch slipped, causing him to fall and suffer personal injuries. He brought this suit to recover damages for those injuries on the theory that his crutch slipped on water on the floor of the aisle which he was traversing.
*330 A display for plants was at the end of the aisle which the plaintiff had just passed. The back room of the produce department of the store was at the end of the aisle toward which the plaintiff was approaching. The evidence at trial indicated that Thomas Pardo, an employee of Tampa Bay Wholesale Foliage, was in the area at the time delivering and servicing plants. After dust mopping the floor of the aisle, he went to the back room of the produce department to fill buckets with water. He carried these buckets down the aisle toward the plaintiff and Ms. Schmick, passing them as he continued toward the plant display. About ten seconds after Pardo passed the couple, the plaintiff fell. The evidence at trial indicated that the plaintiff’s crutch slipped in water spilled from Mr. Pardo’s buckets. There was no evidence that water was on the floor of the aisle prior to Mr. Pardo’s passage down the aisle with the filled buckets.
At the close of the evidence the trial judge observed that “the evidence is uncon-troverted that the water in which he apparently fell had been on the floor about ten seconds.” Accordingly, the trial judge ruled that the only basis on which the jury could find actual or constructive knowledge by U-Save of the presence of the water in the aisle prior to the plaintiff’s fall would be a finding that Pardo was an agent or employee of U-Save. A verdict form was submitted to the jury which asked as the first question: “Do you find from the evidence that Tom Pardo was an agent or employee of [U-Save]?” The verdict instructed “if your answer to Question # 1 is NO, do not proceed further.” The jury answered the first question “no” and the trial judge rendered judgment for U-Save.
The plaintiff then filed a motion for a new trial. The trial judge decided that he had been in error in not allowing the jury to consider whether U-Save had actual or constructive knowledge of the presence of the water on the floor other than through the agency of Tom Pardo, based upon the following passage from the deposition testimony of Georgann Schmick:
Q Tell me what you recall the manager saying about the water on the floor.
A The manager said that they had been watering the plants, and he told them to make sure and clean it up. He was kind of upset with the young guy there. Told him he was supposed to have cleaned up the water.
Q Let me — now, did the manager say that he after the fall told the boys to clean it up, or that he had told them before?
A He told them before to clean it up.
The trial judge granted a new trial to the plaintiff on the issue of actual or constructive knowledge of the alleged dangerous condition on the part of U-Save. This appeal by U-Save followed.
We believe the trial judge was correct in the first instance when he ruled that there was no issue for the jury as to actual or constructive knowledge of water on the floor other than through the agency of Pardo. In granting a new trial, he reversed that ruling and we believe he erred in doing so. In light of the overwhelming evidence that the plaintiff’s crutch slipped in water dripped from Pardo’s buckets, we do not believe that the indefinite testimony in Georgann Schmick’s deposition was sufficient to create an issue for the jury to consider as to actual or constructive knowledge on the part of U-Save apart from Pardo’s agency. Therefore, we conclude that the trial judge erred as a matter of law in granting a new trial.
REVERSED.
CAMPBELL and FRANK, JJ., concur.